FILED
Dec 08, 2021
08:44 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **ROBERT J. BLANK,** | ) | **Docket Nos. 2018-07-0725 and** |
| **Employee,** | ) | **2021-07-0329** |
| **v.** | ) | |
| **ESTES EXPRESS LINES,** | ) | |
| **Employer,** | ) | |
| **and,** | ) | **State File Nos. 68179-2018 and** |
| **NEW HAMPSHIRE INS. CO.,** | ) | **800401-2021** |
| **Carrier,** | ) | |
| **and** | ) | |
| **ABIGAIL HUDGENS, as** | ) | |
| **ADMINISTRATOR of the BUREAU** | ) | **Judge Allen Phillips** |
| **OF WORKERS' COMPENSATION,** | ) | |
| **SUBSEQUENT INJURY &** | ) | |
| **VOCATIONAL RECOVERY FUND.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

On November 23, 2021, the Court heard Estes's Motion for Summary Judgment in Docket Number 2021-07-0329 on grounds that Mr. Blank failed to file a timely claim for a May 29, 2019 left-shoulder injury. The Court agrees and grants the motion.

### Facts

On August 30, 2018, Mr. Blank injured his left shoulder, and Estes provided medical benefits including surgery by Dr. Jason Hutchison. Dr. Hutchison released Mr. Blank on May 15, 2019, without restrictions. Mr. Blank timely filed a Petition for Benefit Determination for that injury, and it is not at issue here.

Mr. Blank returned to work at Estes and on May 29, 2019, felt pain in his left shoulder when he lifted a table. He told his supervisor that he "hurt" his shoulder, and Estes completed a First Report of Injury. Mr. Blank also completed a claim form.

1

After the May 29 incident, Estes provided an evaluation with Dr. Hutchison, and Mr. Blank told him that he felt pain when lifting the table. Later, Dr. Hutchison referred Mr. Blank to his partner, Dr. Adam Smith, who performed a second shoulder surgery. Estes paid medical and temporary disability benefits for the May 29 incident, the last payment being made on May 26, 2020.

The parties deposed Mr. Blank, Dr. Hutchison, and Dr. Smith. Of importance here, they deposed Dr. Hutchison on July 26, 2021.

Particularly, after Dr. Hutchison's deposition on July 26, Mr. Blank filed another petition in which he stated:

> Today, July 26, 2021, is the first time I became aware that Dr. Hutchison testified I had a "new" injury to my left shoulder. Dr. Adam Smith operated on my left shoulder the second time and testified that it was not a new injury, but a worsening of my first injury. There has been no 1st report of Work injury filed for the date of the "new" injury.

Estes disputed those allegations. It contended Mr. Blank did not become aware of a "new" injury on July 26, but instead knew he had an injury when he lifted the table. Estes argued Mr. Blank knew of the injury because he reported it the same day, he knew a first report was completed, and he told Dr. Hutchison about the injury shortly afterwards. Additionally, Mr. Blank told two other providers that he "injured" his shoulder when lifting the table, and he sent discovery requests to Estes that referenced the May 29 date.

For his part, Mr. Blank agreed with Estes's statement of the facts except for its characterization of the May 29 incident as a new "injury." Instead, he said that he merely felt a "pull" in his shoulder when lifting the table, but he did not know if it was a new injury or not. He also claimed that he told the providers he felt pain, not that he had a new injury, and he added that the first report of injury documented that he felt a pull in his shoulder.

Mr. Blank also submitted his own statement of facts. He asserted that he continued having shoulder problems after Dr. Hutchison's surgery "right up until" he was released to work in May 2019. Then on May 29, as he testified in his deposition, he "bent down to pick [the table] up and stand it up on its end and I got, you know, so far up it just pulled it loose, I guess, I don't know what it did."

Further, Mr. Blank noted Dr. Smith's testimony that he didn't know what necessitated the need for the second surgery, "because what [he] saw in there was degeneration of the shoulder[.]" Dr. Smith additionally stated, "when you have a rotator cuff tear, it can create a cascade of events that leads to deterioration in the shoulder," and he thought the second surgery was related to the deterioration "from the surgical treatment and the injury."

## Estes's Position

Estes contended it was entitled to summary judgment because Mr. Blank did not file his second petition until July 26, 2021. Specifically, Estes argued that Tennessee Code Annotated section 50-6-203(b)(2) required Mr. Blank to file a petition within one year after Estes ceased paying benefits for the new injury, on or before May 26, 2021.

Further, Estes argued Mr. Blank could not rely on the so-called "discovery rule" as defined in *Arnold v. Courtyard Mgmt. Corp*., No. 2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *9 (Tenn. Workers' Comp. Panel Sept. 28, 2016). There, the Panel explained that "the limitation period does not begin to run until an employee discovers or, in the exercise of reasonable diligence, should have discovered" that he has an injury. Estes argued that because Mr. Blank knew he sustained an injury on May 29, he did not "discover" it on July 26, 2021, as he alleged. Estes also cited *Jenkins v. Goodyear Tire & Rubber Co.,* No. W2014-02303-SC-R3-WC, 2016 Tenn. LEXIS 175, at *8-10 (Tenn. Workers' Comp. Panel Mar. 15, 2016) for the proposition that a physician's causation opinion is not needed in every case before the statute of limitations commences.

Contrary to Mr. Blank's assertion, Estes contended these facts are consistent with the Appeals Board's statement in *Nickerson v. Knox Co. Gov't*, 2020 TN Wrk. Comp. App. Bd. LEXIS 52, at *12 (Sept. 9, 2020) that, "the date of injury has consistently been identified as the date of the work incident precipitating the injury regardless of when the employee became aware of the injury."

## Mr. Blank's Position

Mr. Blank countered that "the time at which an employee has actual or constructive knowledge of his workers compensation claim is a *question of fact*." *Banks v. UPS*, 170 S.W.3d 556, 562 (Tenn. 2005) (Mr. Blank's emphasis). He cited three pre-Reform Act hearing loss cases where the respective Panels held that the statute of limitations was tolled until the employees learned from a physician that their hearing losses were work-related.

Mr. Blank argued that because neither Dr. Hutchison nor Dr. Smith "ever advised [him] that he sustained a new injury" on May 26, 2019, there is a question of fact as to when he knew he sustained a new injury.

## Subsequent Injury Fund's Position

The Fund joined in Estes's position that the statute of limitations expired one year after the last payment of benefits, and the discovery rule does not apply.

## Analysis

Estes is entitled to summary judgment if it shows there are no genuine issues of

material fact. Tenn. R. Civ. P. 56.04 (2021). It must do one of two things to prevail: 1) submit affirmative evidence that negates an essential element of Mr. Blank's claim, or 2) demonstrate that his evidence is insufficient to establish an essential element of his claim. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Under Tennessee Code Annotated section 50-6-203(b)(2), Mr. Blank's claim for benefits for the second injury is barred unless he filed a Petition for Benefit Determination within one year of when Estes ceased paying benefits. Because he did not do so, his claim for a second injury only survives if the discovery rule applies. The Court finds the discovery rule does not apply, and that the correct date of injury is May 29, 2019.

Specifically, the Court agrees with Estes that these facts fit within *Nickerson*, namely that the date of injury is the date of the incident precipitating it rather than the date when the employee subjectively becomes aware of it. This finding is also consistent with *Arnold,* where the Panel addressed the discovery rule in the context of summary judgment. There, the Panel specifically stated the discovery rule does not apply when the employee suffers an acute injury, and it reversed a denial of summary judgment where the trial court found the rule did apply. *Id.* at *9.

These facts are also in line with *Joiner v. UPS*, M2018-01876-SC-R3-WC, 2019 Tenn. LEXIS 522 (Tenn. Workers' Comp. Panel Dec. 6, 2019), where the Panel held the date of injury was the date the employee felt pain when lifting a mailbag. Here, Mr. Blank felt shoulder pain when lifting the table. In another case involving an acute injury, the Appeals Board found the employee could not toll the statute of limitations by claiming he was unaware of the full extent of the injury. *Johnson v. Stanley Convergent Secr. Sys.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 44, at *9 (Aug. 3, 2017). In *Johnson*, the employee said he felt something "pull loose" when he tried to move his shoulder. *Id.* at *12. Mr. Blank said the same and also relied upon his alleged lack of knowledge as to the full extent of his injury to toll the statute.

Contrast these facts with *Banks* and the hearing loss cases cited by Mr. Blank. In *Banks*, the employee suffered pain while working but recalled no specific incident. While treating, he questioned whether his injury might have been work related, and a physician confirmed it was. The discovery rule protected the *Banks* employee because he knew of no specific incident. Conversely, Mr. Blank knew of a specific incident, and he cannot rely on the discovery rule.

Likewise, in the hearing loss cases, the respective Panels found the employee's limitation periods were tolled until a doctor told them that their hearing losses were work-related. In contrast, Mr. Blank knew of a specific injury on May 29, and his lack of knowledge, if any, as to the extent of his injury provides no solace.

Thus, the Court finds Estes is entitled to summary judgment because it demonstrated Mr. Blank's evidence is insufficient to establish an essential element of his claim;

specifically, he did not file a claim for the May 29, 2019 injury within the applicable statute of limitations.

The Court previously consolidated the two petitions. This order is final under Tennessee Rules of Civil Procedure 58 only for the petition Mr. Blank filed on July 26, 2021 and bearing Docket Number **2021-07-0329.** The claim for the August 30, 2018 injury, bearing Docket Number **2018-07-0725,** remains pending.

**THEREFORE, IT IS ORDERED AS FOLLOWS**:

1. The Court grants Estes's Motion for Summary Judgment in Docket Number 2021-07-0329.

2. Mr. Blank's petition for the August 30, 2018 injury, Docket Number 2018-07-0725, remains pending.

**ENTERED December 8, 2021.**

_Allen Phillips_
_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**


**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on December 8, 2021.

| Name | Email | Service sent to: |
|---|---|---|
| Jeffrey P. Boyd, Employee's Attorney | X | jboyd@borenandboyd.com ataylor@borenandboyd.com |
| Kenneth Veit and Kate Patton, Employer's Attorneys | X | kenny.veit@leitnerfirm.com kate.patton@leitnerfirm.com crystal.brown@leitnerfirm.com |
| Art D. Wells, SIVRF Attorney | X | art.wells@tn.gov |

_Penny Shrum_
_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fullycompleted Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____ **Employer**

Notice is given that _____ *[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date filestamped on the first page of the order(s) being appealed):

□ Expedited Hearing Order filed on _____  □ Motion Order filed on _____

□ Compensation Order filed on_____  □ Other Order filed on_____ issued

by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ □Employer □Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*__ [Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries          $ _____ per month    Telephone       $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water              $ _____ per month    Clothing        $ _____ per month

Gas                $ _____ per month    Child Care      $ _____ per month

Transportation     $ _____ per month    Child Support   $ _____ per month

Car                $ _____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____        (FMV) _____

Checking/Savings Acct.  $ _____

House                   $ _____        (FMV) _____

Other                   $ _____        Describe: _____

11. My debts are:

Amount Owed                          To Whom

_____                 _____

_____                 _____

_____                 _____

_____                 _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                    RDA 11082